JAMES KEENAN *vs.* BENJAMIN B. KNIGHT & others.

In an action brought before a justice of the peace, the declaration cannot be filed after the entry of the writ, under *St.* 1862, *c.* 20.

CONTRACT, brought originally before a justice of the peace. The defendants appeared before the justice and moved to dismiss the action because no declaration had been filed. This motion was overruled, and a declaration allowed to be filed, and the defendants, not waiving any rights, filed an answer, and the case was tried upon the merits, and decided in favor of the plaintiff, and the defendants appealed to the superior court, where the motion to dismiss was renewed and allowed, and the action was dismissed. The plaintiff alleged exceptions.

*W. E. Fuller*, for the plaintiff.

*E. H. Bennett*, for the defendants.

CHAPMAN, J. Prior to the existence of the practice act, it was necessary, that a declaration should be inserted in a writ before service; and it was held that the courts had no power to authorize the filing of a declaration after entry, by way of amendment, because there was nothing to amend by. *Brown* v. *Seymour*, 1 Pick. 32. *Brigham* v. *Este*, 2 Pick. 420. *Rathbone* v. *Rathbone*, 5 Pick. 221. *Guilford* v. *Adams*, 19 Pick. 376.

The practice act authorized the filing of a declaration " on or before the day to which the writ is returnable," except when an arrest of the person was made. It also authorized courts to allow the plaintiff to file his declaration at any time during the return term, for good cause and upon suitable terms. Gen. Sts. *c.* 129, §§ 7–9. It was under this special provision that declarations were thus filed, and not under § 41, authorizing amendments.

These provisions did not, however, extend to actions brought before justices of the peace, and it still remained necessary to insert the declaration in the writ before service in such actions. This was changed by *St.* 1862, *c.* 20. The first section provides

that, except when an arrest of the person is made, the writ need not contain a declaration. The second section provides that when the declaration is not inserted in the writ, it shall be filed with the writ when the same is entered. But there is no provision authorizing the justice to allow it to be filed at a later period. In this respect it differs from the provisions applicable to the higher courts, which are above referred to. If the justice has such power, it must be under a new and more extended construction of the section above mentioned authorizing amendments. It will be necessary to hold, in opposition to the cases cited, that, though there is no declaration, there is yet something to amend by. It is safer to hold that the language of the legislature in *St.* 1862, *c.* 20, expresses not only the extent but the limit of the rights which it gives to a plaintiff in an action before a justice of the peace, and that he should file his declaration " with the writ." *Exceptions overruled.*